IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY T. JAGODZINSKI,

        Plaintiff,

vs.                              Case No. 12-2509-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

February 23, 2011, administrative law judge (ALJ) William G. Horne issued his decision (R. at 13-19). Plaintiff alleges that he has been disabled since January 1, 2000 (R. at 13). Plaintiff is insured for disability insurance benefits through

December 31, 2004 (R. at 15).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity from January 1, 2000 through December 31, 2004 (R. at 15).  At step two, the ALJ found that plaintiff has the following severe impairment:  hearing loss (R. at 15).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 16).  After determining plaintiff's RFC (R. at 16), the ALJ determined at step four that plaintiff is able to perform past relevant work as a corrections officer (R. at 18).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 19).

**III.  Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530

5

n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made the following RFC findings:

> ...through the date last insured [December
> 31, 2004], the claimant had the residual
> functional capacity to perform medium work
> as defined in 20 CFR 404.1567(c) except he
> has a 10% hearing loss.

(R. at 16). Plaintiff argues that the ALJ failed to comply with SSR 96-8p by failing to explain the evidentiary basis for his RFC findings.

The record contains a report from Dr. Siemsen, who performed a state agency assessment after reviewing the record in the case. After summarizing the evidence, Dr. Siemsen stated the following:

> Evidence as a whole is found to be
> insufficient to fully assess all the C's
> alleged impairments and the resulting
> functional loss prior to the DLI [date last
> insured] of 12/31/04.

(R. at 380). The ALJ noted this finding by Dr. Siemsen in his opinion (R. at 17).

The only RFC assessment in the file is from Dr. Puderbaugh, a treating physician. The assessment was prepared on September 25, 2009. He identified several physical impairments that he asserted prevented plaintiff from working, including COPD(emphysema), chronic pain, hypertonic bladder, hearing loss and poor night vision (R. at 374). He then prepared a RFC assessment which included the following limitations:

> Lift less than 10 pounds frequently
>
> Lift a maximum of 10 pounds at one time

7

> Stand/walk for less than 1 hour in an 8 hour workday
>
> Needs to lie down, recline, or elevate foot for over 4 hours in an 8 hour workday
>
> Plaintiff cannot use hands/arms for activities requiring repetitive motion
>
> Plaintiff cannot push/pull arm controls repeatedly and cannot push/pull leg and foot controls repeatedly
>
> Plaintiff cannot crouch, crawl, kneel, or climb
>
> Plaintiff can only occasionally bend, squat, stoop and reach
>
> Plaintiff has a severe limitation against exposure to marked changes in temperature and humidity, and against exposure to dust and fumes

(R. at 375-376). Dr. Puderbaugh opined that he believed patient's claims of pain, and stated that they are supported by degenerative changes of the lumbar spine on an x-ray dated March 23, 2009. He stated that he has seen objective evidence of the pain (R. at 376). He further opined that plaintiff's pain is frequently debilitating, and that he suffers from fatigue which reduces his ability to perform activities noted on the assessment. He stated that plaintiff's impairments or treatment would result in the plaintiff being absent from work more than 3 times a month (R. at 377). He indicated that plaintiff's severe impairment of breathing and shortness of breath would make it

8

difficult for him to work on a sustained basis. He stated that plaintiff had been functioning at this level since 2000. He stated that the laboratory and clinical findings that supported his opinions are: wears hearing aids, COPD on x-ray, FEV/FVC reduction on PFT's, degenerative spinal changes on x-ray, and history of pulmonary infarct (R. at 378).

The ALJ assigned little weight to Dr. Puderbaugh's opinion. The ALJ did so because Dr. Puderbaugh provided no evidence in support of his findings that the plaintiff was unable to perform work prior to the alleged onset date (R. at 18).[2] The ALJ noted that, to support his opinions, he referenced pulmonary function testing in 2007 and a lumbar spine x-ray taken in March 2009 (R. at 17, 374, 376). The ALJ also stated that his opinions were inconsistent with and not supported by the treatment records at Exhibit 5F pages 406-409 (R. at 18, 786-789).

The treatment records referenced by the ALJ were from 2002. They show a diagnosis of diabetes and chronic obstructive pulmonary disease (COPD). It notes plaintiff has a chronic cough and shortness of breath (R. at 787). His respiration was

---

[2] The court would note that the issue before the ALJ was whether plaintiff was unable to work between the alleged onset date and his date last insured. Plaintiff alleged an onset date of January 1, 2000, and his date last insured was December 31, 2004. Dr. Puderbaugh opined that plaintiff had the limitations noted in his report as of 2000. The ALJ clearly erred by discounting Dr. Puderbaugh's opinion because there was no evidence to support a finding that plaintiff was unable to work prior to the alleged onset date. First, Dr. Puderbaugh opined that plaintiff had the limitations noted as of 2000, which is not prior to the alleged onset date of January 1, 2000. Second, whether plaintiff was unable to perform work prior to the alleged onset date is of no relevance to a determination of whether plaintiff could work on or after the alleged onset date. Although this specific issue was not raised by the parties, because this case is being reversed and remanded for other reasons, it will be addressed in order to forestall the repetition of avoidable error. Chapo v. Astrue, 682 F.3d 1285, 1292 (10th Cir. 2012).

9

clear with good air exchange bilaterally (R. at 788).  The
treatment records from 2002 are silent regarding plaintiff's
physical limitations.

The ALJ's RFC findings limited plaintiff to medium work
with a 10% hearing loss (R. at 16).  The ALJ stated that his RFC
assessment was based on the medical evidence of record during
the period between January 1, 2000 and December 31, 2004, and
plaintiff's descriptions of his limitations (R. at 18).
However, the ALJ does not point to any medical evidence in
support of a finding that plaintiff can perform medium work.
Furthermore, plaintiff's testimony does not support the ALJ's
RFC findings.  Plaintiff testified that he had COPD, and that
from 1999-2004 he was on oxygen.  The COPD resulted in coughing
a lot, and difficulty breathing, especially in the summertime
(R. at 42).  He indicated that he was on oxygen 24 hours a day
(R. at 58).  From 1999-2004, plaintiff testified that he could
only walk about a couple of blocks, and had difficulty standing
for more than 30 minutes (R. at 43).

As set forth above, "the RFC assessment must include a
narrative discussion describing how the evidence *supports each
conclusion*, citing specific medical facts and nonmedical
evidence."  <u>Wells v. Colvin</u>, __ F.3d ___, 2013 WL 4405723 at *5
(10th Cir. Aug. 19, 2013)(emphasis in original).  The problem
with the ALJ's RFC findings is that he does not show how the

evidence supports his finding that plaintiff can perform medium work.  The ALJ did not cite to any medical facts or nonmedical evidence in support of his RFC finding that plaintiff can perform medium work.

In the case of Fleetwood v. Barnhart, 211 Fed. Appx. 736 (10th Cir. Jan. 4, 2007), the ALJ relied on a state agency medical consultant who filled out a check-the-box evaluation form, which, standing alone, the court found did not constitute substantial evidence.  The court stated that no other medical evidence in the record specifically addressed her ability to work.  The court held as follows:

> To the extent there is very little medical evidence directly addressing Ms. Fleetwood's RFC, the ALJ made unsupported findings concerning her functional abilities. Without evidence to support his findings, the ALJ was not in a position to make an RFC determination.
>
> The ALJ's inability to make proper RFC "findings may have sprung from his failure to develop a sufficient record on which those findings could be based." Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir.1994). The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Soc. Sec. R. 96-8p, 1996 WL 374184, at *5. Because the disability hearing is nonadversarial, an ALJ is obligated to develop the record even where, as here, the claimant is represented by counsel. Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.1993); accord Hawkins v. Chater, 113 F.3d 1162, 1164, 1168 (10th Cir.1997). Even though Ms. Fleetwood's counsel did not

> request any additional record development,
> the need for additional evidence is so
> clearly established in this record that the
> ALJ was obliged to obtain more evidence
> regarding her functional limitations. See
> Hawkins, 113 F.3d at 1167-68.

Fleetwood, 211 Fed. Appx. at 740-741; see Martin v. Astrue, Case No. 09-1235-SAC (June 28, 2010, Doc. 13-15, 16-18).

The problem in this case is the absence of evidence regarding plaintiff's impairments and limitations on or before December 31, 2004, his date last insured. Dr. Siemsen reviewed the records and found that there was insufficient evidence to make an RFC finding.[3] Dr. Puderbaugh opined that plaintiff had numerous limitations dating back to 2000, but he only cited to testing from 2007 and 2009. He offered no explanation for opining that plaintiff's limitations existed as far back as 2000. The medical records indicate that Dr. Puderbaugh began seeing plaintiff in 2007 (Doc. 4 at 11; Doc. 11 at 10). The medical records cited from 2002 provide no indication regarding plaintiff's limitations at that time. The ALJ gave little weight to the opinions of Dr. Puderbaugh.

In light of the fact that the ALJ gave little weight to the opinions of Dr. Puderbaugh, the ALJ failed to explain how the evidence supports a finding that plaintiff can perform medium work, with some hearing loss. The only other medical opinion on

---

[3] The treatment records from 2002 referenced by the ALJ (R. at 15, 786-789), previously discussed, were not mentioned by Dr. Siemsen in his report.

this issue was the opinion of Dr. Siemsen, who after reviewing the file, stated that the record was insufficient to make an RFC finding. The ALJ does not cite to any evidence in support of his RFC finding; this is especially troubling when Dr. Siemsen opined that the record was insufficient to make an RFC finding. When the medical evidence indicates either that plaintiff has limitations that prevent employment, or that the record is insufficient to make an RFC finding, it is incumbent on the ALJ to comply with SSR 96-8p by providing a narrative explanation for his RFC finding that plaintiff can perform medium work, citing to specific medical facts and/or nonmedical evidence in support of his RFC findings.

The ALJ has failed to comply with SSR 96-8p. The ALJ, as noted above, must make every reasonable effort to make sure the file contains sufficient evidence to assess RFC. The ALJ has offered no explanation of how the evidence supports his RFC finding that plaintiff can perform medium work. Therefore, this case shall be remanded in order for the ALJ to comply with the requirements of SSR 96-8p, including a narrative discussion describing how the evidence supports each conclusion in the RFC assessment, citing specific medical facts and nonmedical evidence.[4]

---

[4] Defendant's brief cites to the case of Chapo v. Astrue, 682 F.3d 1285 (10th Cir. 2012), which states, in relevant part:

When this case is remanded, the ALJ shall develop a sufficient record on which to make RFC findings. The ALJ should consider recontacting plaintiff's treating medical sources, or request additional records. 20 C.F.R. § 404.1520b(c); Fleetwood, 211 Fed. Appx. at 741; Lamb v. Barnhart, 85 Fed. Appx. 52, 57 (10th Cir. Dec. 11, 2003). Either the ALJ or plaintiff's counsel should consider contacting Dr. Puderbaugh in order to ascertain the basis for his opinion that plaintiff's limitations, as he described them, date back to 2000. The ALJ could also consider having a medical expert testify at the hearing regarding plaintiff's RFC after reviewing the record.[5]

---

> …there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question….
>
> We have thus "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category.

Chapo, 682 F.3d at 1288-1289. However, the court's ruling in this case does not require that there be a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question, or specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine plaintiff's RFC. The holding in Chapo does not change the requirement in Fleetwood that to the extent there is very little medical evidence directly addressing a claimant's RFC, the ALJ's findings may be found to be unsupported by substantial evidence. The file must contain sufficient evidence to assess RFC. In the case before the court, the ALJ fails to cite to any evidence in support of his RFC finding that plaintiff can perform medium work. By contrast, in Chapo, the record included two physical RFC assessments (by Dr. Amin and Dr. Krause), Chapo, 682 F.3d at 1287. The court in Chapo reversed the decision of the Commissioner and remanded the case for further hearing. On remand, even with two physical RFC assessments, the court was troubled because of the staleness of one of those assessments, and encouraged the ALJ on remand to obtain an updated exam or report. Chapo, 682 F.3d at 1293.

[5] The U.S. Supreme Court has considered the use of medical advisors at administrative hearings and approved of the concept. Richardson v. Perales, 402 U.S. 389, 408 (1971). Such opinions are competent evidence and in appropriate circumstances may constitute substantial evidence supporting the ALJ's decision. Lopez v. Apfel, 1997 WL 758831 at *2 (10th Cir. Dec. 9, 1997)(ALJ properly relied on opinions of medical advisor and consulting physicians who disagreed with treating physician on issue of disability); Torres v. Secretary of HHS, 870 F.2d 742, 744 (1st Cir. 1989)(the testimony of a medical advisor who reviews the record, testifies and is subject to cross-examination may constitute substantial evidence depending on the circumstances, including the nature of the illness and the information provided to the advisor).

In the alternative, the ALJ could request a state agency assessment by a physician to review the record and provide a written report setting forth their RFC findings and providing a thorough written explanation for their RFC findings.

Plaintiff also asserts error by the ALJ for disregarding the testimony of the vocational expert (VE) and in the hypothetical question posed to the VE. The court will not address these issues because they may be affected by the ALJ's resolution of the case on remand after the ALJ makes RFC findings in accordance with SSR 96-8p, as set forth above. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 11th day of September, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge